(No. 4305-)

RALPH J. HEFFERNAN, ADMR., ET AL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 10, 1951.*

*Petition of Respondent for rehearing denied May 8, 1951.*

MICHAEL F. RYAN, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

Claim is brought by Ralph J. Heffernan, administrator of the estate of Betty Polen, deceased, to collect back salary for the unlawful discharge of the decedent from her civil service job of institution worker at the Illinois Soldiers' and Sailors' Children's School at Normal, Illi-

nois, during period from May 20, 1947, to the date of her death on February 9, 1950.

Betty E. Polen, in her lifetime, on September 2, 1947, filed her Petition for Writ of Mandamus in the Superior Court of Cook County against the Director of the Department of Public Welfare, et al; requiring that she be reinstated and reassigned as an institutional worker. The Court in that case entered a judgment requiring a writ to issue on July 8, 1949, ordering that she be reinstated, and be paid her regular salary from July 1, 1947. The defendants appealed to the Supreme Court, obtained a supersedeas, and the judgment of the Superior Court was affirmed as to her reinstatement, but reversed as to the payment of her salary. It is to be noted the notice of appeal was made on July 29, 1949, and a supersedeas allowed on August 1, 1949.

The Supreme Court, as to the salary question, held the appropriation had lapsed, and no payment could be made. It is to be noted the Supreme Court used the following language:

"It is unfortunate there is no provision of law requiring a sequestration or setting aside of funds with which to pay a judgment entered while an appropriation was available, so that it could not be considered as lapsed pending appeal, but so long as there is no such provision, the petitioner must await the time such funds are made available.

It was error to issue the Writ of Mandamus to pay the salary withheld, but it was proper to render a judgment that petitioner was entitled to the same."

The claimant's only recourse to collect this money was in the Court of Claims. It is apparent to this Court that the judgment of the Superior Court, affirmed by the Supreme Court, that Betty E. Polen was entitled to the amount set forth, is a final judgment and binding on this Court.

This Court in a similar case in *Wilson* v. *State,* 12 C.C.R. 413, on page 414 held:

"Any question of the payment of claimant's salary for the period in question to some other person who may have performed the duties of his office is a matter of affirmative defense."

The State filed no pleadings in this case, and it is elementary that an affirmative defense cannot be considered under a general denial. For the reason the motion to strike the Departmental Reports is allowed, and the alleged defense thereunder is not considered. The statement of claimant as to this defense that the judgment of the Superior Court was res adjudicata is in error. There was no enforceable judgment until the Supreme Court decision became final.

An award is, therefore, made and entered in favor of the claimant in the sum of $5,307.40.